IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PHILADELPHIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 17-573 |
| | : | |
| MICHAEL GLENN BARNES | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Michael Glenn Barnes comes before this Court having pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and 1349(Counts 1-29); mail fraud in violation of 18 U.S.C. § 1341 and 1349(Counts 30-37); and aggravated identity theft in violation of 18 U.S.C. § 1028 A(a)(1) and (c)(11)(Counts 38-41). Mr. Barnes has accepted responsibility for his conduct and while he recognizes that his regret does little to lessen the impact of his actions on the victims in this case, he is deeply sorry for the harm that his actions have caused.

The parties have entered into a stipulated plea agreement wherein it is jointly agreed that the appropriate sentence with respect to Counts 38 through 41 is a two year mandatory term of imprisonment on each of Counts 38 to 41 to run concurrently with the others and consecutively to the sentence on Counts 1 through 37. This recommendation to the Court based on an offense level of 13 and a criminal history category of III yields an effective advisory guideline range of 18 to 24 months with a consecutive 24 month sentence or 42 to 48 months. Mr. Barnes, by his attorney, Catherine C. Henry, Senior Litigator, submits this sentencing memorandum for the Court's consideration.

**I.      PROCEDURAL HISTORY**

On October 27, 2017, a grand jury sitting in the Eastern District of Pennsylvania returned a 41-count indictment charging Mr. Barnes with wire fraud in violation of 18 U.S.C. § 1343 and 1349(Counts 1-29); mail fraud in violation of 18 U.S.C. § 1341 and 1349(Counts 30-37) and aggravated identity theft in violation of 18 U.S.C. § 1028 A(a)(1) and (c)(11)(Counts 38-41).  On January 17, 2019, Mr. Barnes pled guilty pursuant to a stipulated guilty plea agreement made with the government.  Sentencing is scheduled for December 18, 2019.

**II.     MR. BARNES' HISTORY AND CHARACTERISTICS**

Mr. Barnes is a 38 year old man born in Dallas, Texas.  He was raised by his paternal grandparents Albert and Virginia Aldrich.  Mr. Barnes was raised in a loving and supportive household and maintained regular contact with his parents.  He graduated from high school and went on to study business management at the college level.  Mr. Barnes is a very skilled musician and played the guitar in a number of bands.  Unfortunately, Mr. Barnes began using methamphetamines and other controlled substances during the time he committed the instant conduct.  Mr. Branes has been incarcerated for 24 months on this indictment.  It has been very difficult for him to be so far away from his family.  It is especially difficult for Mr. Barnes to be separated from his 15 year old daughter, Allison.  Mr. Barnes' grandmother Virginia was interviewed for the presentence report and expressed her love and continuing support for her grandson.  Tragically, she passed away a few months ago unexpectedly.

**III.    SENTENCING CONSIDERATIONS**

As set forth by the Third Circuit in <u>United States v. Merced</u>, — F.3d —, 2010 WL 1542263 (3d Cir. April 20, 2010), a sentencing court must, in every case,

> First . . . correctly calculate the defendant's Guidelines range. Second, it must rule on any motions for departures. Finally, "after giving both parties an opportunity argue for whatever sentence they deem appropriate," the court must "exercise[] its discretion through meaningful consideration to the § 3553(a) factors" before deciding on a sentence.[1]

<u>Merced</u>, 2010 WL 1542263, at *6 (internal citations omitted).  In arriving at an ultimate sentence, the sentencing court may not prefer a within-Guidelines sentence over a sentence outside the Guidelines.  See <u>Nelson v. United States,</u> — U.S. —, 129 S. Ct. 890, 891 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are not to be *presumed* reasonable.") (emphasis in original).  The overarching goal of this three-part process remains the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).

---

[1]    The sentencing factors set forth in § 3553(a) include:
- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the kinds of sentence available;
- the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;
- the need to avoid unwarranted sentencing disparity; and
- the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

## IV. THE SENTENCING GUIDELINE RANGE

The Presentence Investigation Report ("PSR") sets Mr. Barnes's final offense level at 13 and his criminal history category as III resulting in a guideline range of 42 to 120 months. Given the circumstances of Mr. Barnes's life, his early intention to plead guilty and other factors discussed in this memorandum, the defense submits that 42 months incarceration is an appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a).

## V. OTHER SENTENCING FACTORS

In the present case, the Court must also consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. Barnes:

### A. Nature and Circumstances of the Offense and History and Characteristics of Mr. Barnes

Mr. Barnes' history and characteristics and the nature and circumstances of the offense support a sentence in the range of 42 months. He plans to participate in any drug program available through the BOP. Mr. Barnes knows that in order for him to have success when released to the community, he must learn the tools necessary to live a productive lifestyle.

### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

*1. To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

While Mr. Barnes committed serious crimes, the recommended sentence will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

    2.  *To afford adequate deterrence to criminal conduct.*

Similarly, Mr. Barnes prosecution in the serious venue of federal court, along with a 42 month sentence, provides a more-than-adequate general deterrence to other, similarly situated individuals.

    3.  *To protect the public from further crimes of the defendant.*

Mr. Barnes' personal experience in this case, combined with the lengthy sentence that he will receive and the rehabilitation that he will receive in prison will help to ensure that he does not commit any further offenses.  Such a sentence would adequately protect the public against further crimes by Mr. Barnes for the foreseeable future.

    4.  *To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.*

While Mr. Barnes is serving his sentence, he will have the opportunity to afford himself of the educational and vocational programming within the Bureau of Prisons.  He can also receive mental health treatment if necessary. The recommended sentence is significant and would meet the purposes of these goals.

  **C.**  **Kinds of Sentence Available**

The Court must also consider "the kinds of sentences available." 18 U.S.C. § 3553(a)(3). A sentence of 42 months, which is within the applicable guideline range, is certainly available to the Court.

  **D.**  **The Need to Avoid Unwarranted Disparities**

The Court must consider the sentencing guidelines and policy statements that the sentencing Commission has established for "the applicable category of offense committed by the applicable category of the defendant."  18 U.S.C. Section 3553 (a)(4) and (5).  The Court also shall consider "the need to avoid unwarranted sentence disparities among defendants with similar

Case 5:17-cr-00573-EGS   Document 43   Filed 12/16/19   Page 6 of 7

records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  A sentence of 240 months would not result in *unwarranted* disparity.

### E. The Need to Provide Restitution to Any Victims of the Offense

Restitution will be ordered in this case.

## IV. CONCLUSION

Based on the above stated reason, the defense respectfully requests that this Court impose the recommended sentence of 42 months.

                                                  Respectfully submitted,

                                                  */s/ Catherine C. Henry*
                                                  CATHERINE C. HENRY
                                                  Senior Litigator

## **CERTIFICATE OF SERVICE**

     I, Catherine C. Henry, Senior Litigator, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have filed and served the Defendant's Sentencing Memorandum by Electronic Case Filing upon Assistant United States Attorney John M. Gallagher, to his office at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                      Respectfully submitted,

                                      */s/ Catherine C. Henry*
                                      CATHERINE C. HENRY
                                      Senior Litigator